UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL STEPHAN,

        Plaintiff,

v.

OTIS ELEVATOR COMPANY,        Case No. 08-14451
        Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

This Court has been requested by the Plaintiff, Daniel Stephan, to determine that his employment tenure was wrongfully terminated by the Defendant, Otis Elevator Company (Otis Elevator), in violation of the Michigan Persons with Disabilities Civil Rights Act ("Disabilities Civil Rights Act"), as codified by Mich. Comp. Laws § 37.1101, et seq.[1] Currently pending before the Court is Stephan's motion for leave to amend his response to the Company's motion for the entry of a summary judgment.[2]

---

[1] Stephan had originally sought to obtain relief against Otis Elevator for its alleged violation of the Disabilities Civil Rights Act, as well as an intentional infliction of emotional distress, an intentional interference with a contract and prospective advantages, retaliatory discharge in violation of the above-cited statute, and appropriate action under the respondent superior theory. However, on April 8, 2009, the Court accepted his filing of an amended complaint which eliminated all of Stephan's claims, with the exception of the Disabilities Civil Rights Act and the retaliatory discharge counts. Several months later (June 4, 2009), the parties stipulated to a dismissal with prejudice of his retaliatory discharge claim. In so doing, the parties have left only one issue (namely, the Disabilities Civil Rights Act) to be resolved by the Court.

[2] The Court will interchange the words,"Company" and "Otis Elevator" throughout this order.

1

I

Otis Elevator filed a motion for summary judgment on January 7, 2010. However, the Court granted a request by Stephan to extend the period of discovery in this case for a period of ninety days until May 14, 2010. This decision, in effect, caused the Court to push the dispositive motion cut-off date to May 28, 2010.

Armed with this revised timetable relating to the end of discovery, Stephan took the deposition of two Otis Elevator employees (Joseph Steger and Elizabeth Ceriello), both of whom played significant roles in the decision to terminate him. Citing to these two depositions, Stephan asks the Court for leave to amend his earlier response to the pending motion for a summary judgment so that he may supplement the official record with the following proposed evidence:

(1) General testimony from Seger and Ceriello to refute certain allegations made in the affidavits of these witnesses, which were furnished in support of the motion for a summary judgment by Otis Elevator;

(2) An affidavit from his Union representative, Richard Egerer, whose averments allegedly counter the representations by Otis Elevator that (a) it did not have any positions available to which Stephan could have been reinstated, and (b) there was no known similarly situated elevator mechanic who had been treated more favorably than him by the Company;

(3) Letters from Stephan's cardiologist, Dr. Nizam Habhab, who opined that his patient was physically fit to return to work without restrictions; and

(4) A resume of Dr. Marcia Trape, who had declared that Stephan was unable to return to work, and indicates that she is not a cardiology specialist.

As to the first category of evidence (testimony from Seger and Ceriello), the Company maintains that the admission of this additional evidence would be futile, in that it fails to establish the existence of a genuine issue as to any material fact which would ostensibly support Stephan's claim under the Disability Civil Rights Act. However, the objection by Otis Elevator to any

2

consideration of this evidence by the Court must fail. The Court finds no legitimate legal basis for excluding the depositions or otherwise preventing Stephan from relying upon the sworn testimony of Seger and Ceriello to support his claims. While the relevance of this testimony to his opposition to the pending motion for a summary judgment may be debatable, his motion is merely a request for the Court to consider the evidence when evaluating Otis Elevator's pending dispositive motion. The Court, in finding that Stephan's request is reasonable, will consider the depositions of Seger and Ceriello when the summary judgment issues are evaluated  However, his request for supplemental briefing is denied.

Turning to the second item of evidence listed above, the Company argues that Egerer's affidavit is factually irrelevant in terms of the referenced time period since it merely suggests that there were available positions for elevator apprentices beginning on April 21, 2008 - a full five days *after* the April 16, 2008 date upon which Otis officials had already decided that Stephan could not safely perform the essential functions of his position. However, the Court finds the Egerer affidavit to be highly probative in light of Otis Elevator's repeated contention in its pleadings and supporting documents that it (1) had no other jobs available to offer Stephan, and (2) informed the Union on April 17, 2008 that the termination decision was not final. Rather, Stephan was encouraged to consult with his physicians concerning suggestions or modifications to his job duties that would permit him to safely perform his elevator apprentice position "*before* [the Company] *made a final decision* about [Stephan's] employment." (Otis Elevator's Motion for Summary Judgment at 6) (emphasis added). Reading the plain language of Otis Elevator's own statements suggests that the period after April 16, 2008 was very much time relevant to the Company's assessment of Stephan's apparent disability and ability to return to similar work. Inasmuch as a reasonable fact finder could

3

rely upon Egerer's affidavit as circumstantial evidence of the Company's intent with respect to the termination of Stephan's employment, the Court will permit him to use the proposed affidavit in opposition to the pending motion for a summary judgment. Yet, to promote efficiency as noted above, the Court will only consider the evidence in the context of the arguments that have already been raised by Stephan in his motion to amend. The request for supplemental briefing is denied.

Otis Elevator has also characterized the proposed letters from Dr. Habhab as being irrelevant and as classic hearsay without an exception under Fed. R. Evid. 803(4) (statements made for purposes of medical diagnosis or treatment) and Fed. R. Evid. 803(6) (records of regularly conducted business activity). Otis Elevator makes a similar assessment of Dr. Trape's resume.

After undertaking a review of the Company's arguments regarding these two pieces of evidence, the Court finds the objections to be warranted. The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Here, Dr. Habhab's letters of August 28, 2008 and September 12, 2008 indicate that Stephan had engaged in physically demanding activities without the recurrence of any cardiac symptoms during his time off from work. These letters also state that, in Dr. Habhab's opinion, Stephan could return to work without restrictions inasmuch as his heart condition had significantly improved. In proffering Habhab's correspondence, Stephan asserts that these letters only demonstrate Otis Elevator's lack of good faith in its dealings with him, rather than to establish its truth (namely, that he was engaging in physical activity and was fit to return to work). However, Stephan's own pleading belies this assertion. In fact, he devoted nearly two full pages of his pleading to a discussion of how, by failing to contact Dr. Habhab or review his medical records, Dr. Trape overlooked key evidence

"that [Stephan's] medical condition was improving." (Stephan's Motion to Amend at 10-12). He quotes Dr. Habhab's letters extensively in describing (1) the nature of his physical activities, (2) the medical evidence that had been presented to Dr. Habhab, and (3) the physician's specific medical findings as to the ways in which certain aspects of his condition showed significant progress. *Id.* at 11. Therefore, Stephan's contention that he only relies on Dr. Habhab's records as evidence of Otis Elevator's "bad faith" is unavailing, and conclusory.

Furthermore and contrary to Stephan's argument, Dr. Habhab's correspondence does not qualify as an exception to the general rule which declares that hearsay is inadmissible at trial and within summary judgment proceedings. Fed. R. Evid. 802; *See also, Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009) ("'evidence submitted in opposition to a motion for summary judgment must be admissible.' That is why "'[h]earsay evidence . . . must be disregarded.'") (internal citations omitted). As Otis Elevator correctly notes, the letters are not admissible as statements that are rendered for purposes of a medical diagnosis or treatment under Fed. R. Evid. 803(4).³ The law is settled that this exception applies only to the statements by the person who receives medical attention - not to the entity or the person who is responsible for providing it. *See generally, Field v. Trigg County Hosp., Inc.,* 386 F.3d 729, 736 (6th Cir. 2004) (such statements ". . . . are considered exceptionally trustworthy because the declarant has a strong motive to tell the

---

³In its entirety, Rule 803(4) of the Federal Rules of Evidence provides that:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . . (4) Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

5

truth in order to receive proper care. As such, courts have interpreted the exception to be limited to statements made by the one actually seeking medical treatment or care.") (internal citations omitted). Moreover, the records are not admissible as documents that are maintained as a regularly conducted business activity under Fed. R. Evid. 803(6), inasmuch as the Dr. Habhab letters suggest that they was prepared by him for the specific purpose of addressing Stephan's ability to return to work. Thus, the Court concludes that Dr. Habhab's letters were not prepared as part of his regularly conducted business activity, and, hence, the Rule 803(6) exception does not apply.

Finally, as to Dr. Trape's resume, Stephan asks the Court to consider her resume as evidence that "her opinion was biased" since it "demonstrates that she was a contractor for [Otis Elevator] . . . ." (Stephan's Reply to Motion to Amend at 2). The Court could only arrive at Stephan's desired conclusion by accepting the representations on Dr. Trape's resume as being factually true. Because such a purpose is prohibited by settled precedent in this judicial circuit, his request for the Court to rely on this evidence must be denied. *See, Alexander, supra* at 564 (upholding district court's exclusion of resume attached to affidavit as inadmissible hearsay).

II.

Therefore and for the reasons stated above, Stephan's motion for leave to amend his response to the Defendant's motion for a summary judgment is denied in part and granted in part. With the exception of the letters from Dr. Habhab and the resume of Dr. Trape, the Court will consider the additional evidence that was acquired by Stephan through the extended discovery period (namely, the depositions of Joseph Steger and Elizabeth Ceriello, and the affidavit of Richard Egerer, all of which were submitted in support of his motion to amend). However, in the interest of promoting efficiency, the Court will only consider the additional evidence based on the

arguments raised by Stephan in the pleadings submitted in support of the current motion to amend. To the extent that Stephan seeks to make arguments about this evidence in supplemental pleadings to be presented to the Court, his request is denied.

IT IS SO ORDERED.

Dated:   September 8, 2010                                s/Julian Abele Cook, Jr.
         Detroit, Michigan                                JULIAN ABELE COOK, JR.
                                                          United States District Judge

Certificate of Service

I hereby certify that on September 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                          s/ Kay Doaks
                                                          Courtroom Deputy Clerk